JOURNAL ENTRY and OPINION
{¶ 1} This is an appeal on issues of attorney fees related to Northrop Grumman's purchase of TRW Corporation's outstanding shares. The attorneys represented TRW shareholders in an action to require the board to accept a takeover offer by Northrop Grumman Corporation. The attorneys requested the fees on grounds that their efforts in filing a class action lawsuit prompted the board to hold out for a better per share price from Northrop Grumman. The court denied the fee application on grounds that the plaintiffs' actions had no effect on Northrop Grumman's final offer. The attorneys contest several aspects of that ruling.
 {¶ 2} The parties do not dispute most of the relevant facts, and for our purposes, only the dates of particular events are important. On February 22, 2002, the Northrop Grumman Corporation made public its tender offer to purchase all the outstanding shares of TRW common stock at $47 per share. The closing price of TRW stock on February 21, 2002 was $39.80 per share. That same day, plaintiffs Rachel Hirsch and Arthur Posner (we shall refer to them as "Hirsch"), on behalf of a group of TRW shareholders, filed a class action lawsuit against the TRW board of directors ("the board"), alleging that the board violated its fiduciary duty to the shareholders by refusing to negotiate with Northrop Grumman. The complaint alleged that the board did so in order that the individual members of the board could "protect their own substantial salaries and perquisites, and to entrench themselves in their positions of authority and control with the Company."
 {¶ 3} On March 3, 2002, the board rejected Northrop Grumman's offer. Northrop Grumman then commmenced a hostile takeover, a move that TRW shareholders later voted to resist. Because Ohio corporations enjoy substantial protection from hostile takeovers, Northrop Grumman's hostile takeover attempt faced insurmountable hurdles. On April 15, 2002, Northrop Grumman increased its offer to $53 per share. Again, the board rejected the offer.
 {¶ 4} On May 3, 2002, TRW shareholders voted against Northrop Grumman's hostile takeover attempt. Just days later, the two companies began to negotiate terms for the sale. On June 30, 2002, the two companies agreed to the buyout, and the board agreed to accept Northrop Grumman's offer of $60 per share for the TRW stock. While these events were occurring in the court of common pleas, on March 22, 2002, Hirsch filed an action in the United States District, Northern District of Ohio. The federal suit sought essentially the same relief as prayed for in the court of common pleas, with the exception of a claim seeking to have R.C. 1701.831, et seq. (the "Control Share Acquisition Statute") and R.C. 1701.01, et seq. (the "Merger Moratorium Act") declared unconstitutional under both the Commerce and Supremacy Clauses of the United States Constitution.
 {¶ 5} On August 5, 2002, and after the consummation of the buyout, TRW filed a Civ.R. 12(B) motion to dismiss Hirsch's complaint on grounds that the claims raised in the complaint were moot. Hirsch did not oppose this motion and, in fact, informed the court at a status conference that her claims were now moot and she would be willing to voluntarily dismiss her claims pursuant to Civ.R. 41(A)(1)(b), with a reservation of the court's jurisdiction to consider a petition for fees and expenses. As a consequence of this representation, the court ordered the parties to brief the issue of its jurisdiction to consider a post-dismissal petition for fees. Two months after the court issued this order, the federal court granted TRW's motion to dismiss without objection "inasmuch as sale completed and case is moot." On December 2, 2002, the court granted TRW's motion to dismiss as "unopposed," but at the same time found that it had jurisdiction to consider a "post-dismissal" petition for an award of fees and expenses. Hirsch did not file her fee petition until January 14, 2003.
 I {¶ 6} Although TRW has not filed a cross-assignment of error relating to the court's jurisdictional finding on a post-dismissal fee petition, subject matter jurisdiction can be raised at any point in the proceedings, including for the first time on appeal. See Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, overruled on other grounds in Manning v. Ohio StateLibrary Bd. (1991), 62 Ohio St.3d 24, 29; In re Byard (1996),74 Ohio St.3d 294, 296, 1996-Ohio-294.
 {¶ 7} TRW filed its motion to dismiss by citing to Civ.R.12(B)(1) for lack of jurisdiction over the subject matter and Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. The court's journal entry did not specify which subsection of the rule it relied upon.
 {¶ 8} "One commentator has defined mootness as `the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" UnitedStates Parole Comm. v. Geraghty (1980), 445 U.S. 388, 397, quoting Monaghan, Constitutional Adjudication: The Who and When (1973), 82 Yale L.J. 1363, 1384. Article III, Section 2 of the United States Constitution requires a "case or controvery" as a predicate for subject matter jurisdiction. In federal cases, mootness has been equated with the case or controversy jurisdictional requirement. In Liner v. Jafco, Inc. (1964),375 U.S. 301, 306, fn. 3, the United States Supreme Court stated, "our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." See, also, Nebraska Press Assn. v. Stuart
(1976), 427 U.S. 539, 546.
 {¶ 9} The case or controvery limits of the United States Constitution do not apply to cases brought under the authority of the Ohio Constitution. Nevertheless, Article IV, Section 4(B) of the Ohio Constitution gives the courts of common pleas original jurisdiction "over all justiciable matters" before them. This provision has been interpreted in a manner similar to the case or controversy limitation of the federal constitution: "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and render judgments which can be carried into effect." Fortner v. Thomas (1970),22 Ohio St.2d 13, 14.[1]
 {¶ 10} "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." See Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97-98. More recently, in State ex rel.Barclays Bank PLC v. Court of Common Pleas of Hamilton Cty.,74 Ohio St.3d 536, 542, 1996-Ohio-286, the court stated, "[a]ctual controversies are presented only when the plaintiff sues an adverse party. This means not merely a party in sharp and acrimonious disagreement with the plaintiff, but a party from whose adverse conduct or adverse property interest the plaintiff properly claims the protection of the law."
 {¶ 11} It follows that if the courts of common pleas' original jurisdiction is limited to "justiciable matters," the subject matter jurisdiction of the court — that is, "the power to hear and decide a case on the merits," see Morrison v. Steiner
(1972), 32 Ohio St.2d 86, paragraph one of the syllabus — is directly limited to justiciable matters. If what were once justiciable matters have been resolved to the point where they become moot, the courts of common pleas no longer have subject matter jurisdiction to hear the case.
 {¶ 12} It follows in this case that once TRW and Northrop Grumman agreed to a sale and mooted Hirsch's claims for relief, no justiciable issue existed for trial. Absent a justiciable issue, the court lacked subject matter jurisdiction. The court's dismissal, therefore, had to arise under Civ.R. 12(B)(1) for want of subject matter jurisdiction.
 II {¶ 13} We have expounded on the jurisdictional basis of mootness because it informs our opinion on the court's ability to entertain a post-dismissal petition for fees and costs.
 {¶ 14} When a court lacks subject matter jurisdiction, any judgment that it renders is void ab initio. See Patton v.Diemert (1988), 35 Ohio St.3d 68, 70. Of course, any court that has general subject matter jurisdiction over a cause of action has the authority to determine its own jurisdiction. State exrel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655, 1995-Ohio-145. Once the court determined that the sale mooted the case, it had the limited jurisdiction to dismiss the case — and nothing more.
 {¶ 15} Hirsch did not file her petition for fees and costs until after the case had been dismissed. Because the court lacked subject matter jurisdiction over the proceedings once it determined that Hirsch's claims were moot, it had no jurisdiction to take any action on the post-dismissal petition. Consequently, the court erred by considering the post-dismissal petition for fees and costs. Nevertheless, the error was harmless in light of the court's refusal to grant Hirsch attorney fees and costs. Accordingly, we overrule the assignments of error.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
Kilbane and Cooney, JJ., concur.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The "justiciable matter" limitation on the courts of common pleas does not extend to the appellate courts. For example, the Ohio appellate courts may review moot controversies if they are capable of repetition yet evading review. See, e.g., PlannedParenthood Assn. of Cincinnati, Inc. v. Project Jericho (1990),52 Ohio St.3d 56. Moreover, until 1992, App.R. 12(A) specifically required the courts of appeals to rule on issues even though they were moot.