DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that denied appellant's motion for relief from judgment. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Donald Upton sets forth the following as his sole assignment of error:
 {¶ 3} "I. The trial court erred to the prejudice of the defendant-appellant by denying defendant-appellant's motion under Ohio Civ.R. 60(B)."
 {¶ 4} The parties have one minor child and were divorced in 1990. On October 18, 2001, appellant filed a post-divorce motion for child support. A hearing was held before a magistrate and on November 19, 2001, the magistrate issued a decision establishing appellant's child support obligation. The magistrate issued an amended decision on March 6, 2002. Appellant timely filed objections but on June 12, 2002, the trial court affirmed and adopted the amended decision. On June 18, 2002, appellant filed a motion for reconsideration which the trial court denied, stating that a final judgment of a trial court cannot be reconsidered by that court. On June 6, 2003, appellant filed a motion for relief from judgment, asserting that the trial court should set aside its June 12, 2002 judgment entry. On February 3, 2004, the trial court denied appellant's motion, finding that appellant did not have a meritorious claim or defense as required by the three-prong test for setting aside a judgment set forth in GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d at paragraph two of the syllabus. The trial court further found that appellant raised issues as to the validity of the June 2002 judgment which could have been raised in a timely appeal, and that appellant's motion was not filed in a reasonable time as required by Civ.R. 60(B). It is from the February 3, 2004 judgment that appellant appeals.
 {¶ 5} Appellant asserts that he had a meritorious claim, as required by GTE Automatic Elec., supra, due to the trial court's admittedly misplaced reliance on Ontko v. Ontko, 6th Dist. No. E-01-030, 2002-Ohio-531, when calculating appellant's child support obligation.
 {¶ 6} The decision to grant or deny a Civ.R. 60(B) motion is within the sound discretion of the trial court, and will not be disturbed on appeal absent a clear abuse of that discretion. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103. The term "abuse of discretion" connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Further, a party may not use a Civ.R. 60(B) motion as a substitute for appeal. Doe v. Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.3d 128,129.
 {¶ 7} The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment.
 {¶ 8} should have prospective application; or (5) any other reason justifying relief from the Judgment. * * *"
 {¶ 9} Additionally, the rule provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} As set forth by the Supreme Court of Ohio in GTE AutomaticElec., Inc., supra, paragraph two of the syllabus, in order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." In order for the trial court to grant a 60(B) motion, all three of the requirements must be satisfied. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 11} Appellant correctly states that since "motions for reconsideration of a final judgment in the trial court are a nullity,"Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379, a Civ.R. 60(B) motion is the only proper mechanism for obtaining relief in the trial court after a final judgment. See Antonopoulos v. Eisner (1972),30 Ohio App.2d 187, paragraph one of the syllabus. However, a Civ.R. 60(B) motion is not to be used as a substitute for a timely appeal. Doev. Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. Appellant insists that he did not file his Civ.R. 60(B) motion as a substitute for a timely appeal and emphasizes that his motion for reconsideration, admittedly a mistake, was filed just six days after the trial court journalized its judgment entry denying his objections to the magistrate's decision. The trial court did not deny his motion for reconsideration until approximately seven months later, well past the time limit for filing an appeal.
 {¶ 12} It is regrettable that appellant was operating under the mistaken understanding that the trial court could entertain a motion for reconsideration. However, appellant's assertions in support of his motion that the trial court's application of the law was improper amount to a challenge to the validity of the trial court's decision and should have been raised in a timely appeal. This court has held that "[a]ssertions that a trial court's factual determinations were erroneous or its application of the law improper are within the purview of a direct appeal for which Civ.R. 60(B) was not intended as a substitute." Tolson v.Aynafshar (Mar. 16, 2001), 6th Dist. No. WD-00-059.
 {¶ 13} This court has considered the entire record of proceedings in the trial court and, upon consideration thereof and of the law as set forth above, finds that appellant has not established that he had a meritorious claim to present if relief were to be granted, and that the trial court did not abuse its discretion when it denied his motion for relief from judgment. Accordingly, appellant's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Glasser, J. concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.