DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Norwalk Municipal Court that found in favor of appellee on his complaint in forcible entry and detainer for past-due rent and other money damages following appellants' eviction from rental property appellee owned. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellants Robert B. Asberry, Jr. and Deborah Samples set forth the following assignment of error:
 {¶ 3} "The Trial Court erred to the prejudice of Defendants-Appellants by finding for Plaintiff-Appellant [sic] for rent, late fees and damages in the aggregate amount of $2,193.98."
 {¶ 4} Appellants entered into a one-year residential lease with appellee on October 1, 2002. The lease required a $600 security deposit and $600 monthly rent. The original lease did not provide for collection of a "late fee," but at some later point, appellants signed an amendment to the lease requiring additional payment of $25 if the rent was not paid on time. On July 31, 2003, appellee served appellants with a complaint in forcible entry and detainer. Appellee alleged that on July 5, 2003, he served them with a three-day notice to leave the premises pursuant to R.C. 1923.04. Appellee also alleged that, since July 1, 2003, appellants had unlawfully remained on the premises and owed $650 rent for July. On August 12, 2003, appellants filed an answer and counterclaim for money damages and attorney fees. They denied being in default of rent and denied a valid notice, pursuant to R.C. 1923.04, had been served on them. Appellants asserted appellee refused to accept the July rent and were uncertain as to whether he accepted the rent check they mailed him in August.
 {¶ 5} At a hearing held August 14, 2003, the parties agreed appellants could remain in the residence as long as they paid $600 rent by the first of each month. They further agreed if the rent was not paid, by the tenth day of any month, a writ of restitution would be granted on the first of the following month. On November 4, 2003, appellee served appellants with a notice to vacate the residence by November 12, 2003. Appellants moved out some time in early November 2003. Appellee alleged appellants owed him for the October rent and for 12 days in November. After appellants moved out, appellee sent them a list of damages he claimed they caused totaling more than $3,700.
 {¶ 6} The matter came to trial on April 8 and 16, 2004. Appellee George Zilka testified as to damage he claimed appellants caused to the apartment, late rent payments, and work required to make repairs and clean after appellants moved out. Appellants did not present any evidence. On May 19, 2004, the trial court filed a judgment entry in which it found appellee was entitled to rent and late fees of $865 and damages of $1,928.98, for a total of $2,793.98. After deducting the $600 security deposit appellee had retained, the trial court found appellee was entitled to judgment of $2,193.98, plus ten percent interest from the date of judgment.
 {¶ 7} Appellants assert in their sole assignment of error that any damage or repairs to the apartment was the result of ordinary wear and tear and was not their obligation.
 {¶ 8} When evaluating whether a judgment is against the manifest weight of the evidence in a civil action, the court uses virtually the same standard of review as in the criminal context. In re Washington
(2001), 143 Ohio App.3d 576. In In re M.M., 8th Dist. No. 79947, 2002-Ohio-472, the court explained that "in civil cases, we review a manifest weight challenge to determine whether some competent, credible evidence supports the judgment." This standard of review is highly deferential because the trial court is in the best position to analyze the witnesses and determine their credibility. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77. Our role is to determine whether there was relevant, competent and credible evidence in this case upon which the trial court could find appellants were liable for back rent and the damage appellee claimed to the rental property.
 {¶ 9} In general, a landlord may recover damages from a tenant for violations of R.C. 5321.05, which provides a lengthy list of obligations tenants owe to a landlord concerning maintenance of the leased premises. In particular, R.C. 5321.05(A) provides in relevant part that a tenant shall refrain from "* * * intentionally or negligently destroying, defacing, damaging or removing any fixture, appliance, or other part of the premises; * * *." The landlord, however, bears the burden of submitting sufficient evidence linking any alleged damage to a failure on the part of a tenant to fulfill those obligations. Dupal v. Reindle, etal. (Mar. 14, 2002), 8th Dist. No. 79413.
 {¶ 10} In the case before us, the trial court found the evidence sufficient to award appellee a judgment of $2,193.98. At trial, appellee testified to a long list of damages, including past due rent; damaged "heater," window screens, basement floor, bedroom carpet and kitchen floor; a burned out switch on a sump pump; and clogged drains and debris in the yard. As evidence of his damages, appellant submitted a list of the projected cost of replacement or repair of various items, an estimate for labor and photographs of damage he asserted appellants caused. Appellee testified that none of the damage existed at the time appellants moved into the apartment. Appellee's son testified that the apartment was in "close to new" condition prior to appellants' renting it and described damage he observed when he went in to clean after they moved out. He described torn linoleum, carpet and padding with water damaged floor boards beneath, holes in walls, chips in the concrete basement floor, dog feces in the basement, oil on the garage floor, and trash and garbage in the house and backyard.
 {¶ 11} Based upon the record and the law as set forth above, we find that the trial court's judgment was supported by competent, credible evidence and, accordingly, appellants' sole assignment of error is not well-taken.
 {¶ 12} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Norwalk Municipal Court is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. Concur.