DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is before the court following the Toledo Municipal Court's September 14, 2004 judgment awarding appellant, Duane J. Tillimon, compensation for "substantial damages" to his rental property which occurred during appellee Iresetta Jones's tenancy. Appellant raises the following assignment of error:
{¶ 2} "THE TRIAL COURT ERRED IN NOT AWARDING THE LANDLORD DAMAGES FOR RENTAL LOSS AND UTILITY EXPENSES THAT WERE INCURRED DURING THE PERIOD OF TIME THE LANDLORD WAS MAKING REPAIRS TO DAMAGES BEYOND NORMAL WEAR CAUSED BY THE TENANT IN ORDER TO MAKE THE PROPERTY READY FOR RE-RENTAL."[1]
{¶ 3} On September 23, 2002, appellant, the landlord, and appellee entered into a one-year lease agreement for a single family residence; the rent was to be subsidized by the Lucas Metropolitan Housing Authority. On December 1, 2003, appellant commenced a forcible entry and detainer action alleging that appellee refused to vacate the premises after giving notice of her intent to terminate the lease agreement on October 31, 2003. Appellant further alleged that on November 3, 2003, he served a three-day notice to leave the premises pursuant to R.C. 1923.04. Appellant requested rent in the amount of $790 and unspecified damages for vacancy loss, re-rental expenses, repairs, and utility expenses. Appellant was granted a writ of restitution which, upon agreement of the parties was stayed until December 15, 2003, to give appellee time to vacate the premises.
{¶ 4} On September 14, 2004, following an assessment of damages hearing, appellant was awarded $2,200.03 due to "substantial damage" to the property. Appellant filed a motion for reconsideration and, on October 19, 2004, the trial court awarded an additional $851 for unpaid rent during the months of November and December 2003. The October 19, 2004 judgment is void. This is so because "`motions for reconsideration of a final judgment in the trial court are a nullity.'" Kanfield-Pelowv. Upton, 6th Dist. No. L-04-1061, 2005-Ohio-1030, at ¶ 11, quotingPitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379.
{¶ 5} In his sole assignment of error, appellant argues that, in addition to the property damage award, he should have been awarded damages for rental loss and utility expenses that were incurred while appellant was repairing the house prior to re-rental. In essence, appellant contends that the trial court's failure to award damages for lost rent and utilities was against the manifest weight of the evidence. This standard of review is highly deferential because the trial court is in the best position to assess the credibility of witnesses. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77.
{¶ 6} Although the record contains the exhibits apparently admitted during the assessment of damages hearing, the record does not include a transcript of the hearing or, if the matter was not recorded, an agreed statement of the evidence pursuant to App.R. 9(C). Accordingly, we are unable to determine whether the trial court abused its discretion in denying appellant's request for damages and whether appellant provided sufficient testimony to support the necessity of the additional expenses. See Tillimon v. Dukes (Aug. 28, 1992), 6th Dist. No. L-91-242. Further, it is not clear from the exhibits included in the record exactly how long the repairs took and we are not convinced, based on the nature of the repairs allegedly completed and the photographs presented, that the repairs were of such magnitude to prevent the house from being re-rented for three months. Accordingly, appellant's assignment of error is not well-taken.
{¶ 7} On consideration whereof, we find that substantial justice was done the party complaining and the September 14, 2004 judgment of the Toledo Municipal Court is affirmed. The trial court's October 19, 2004 judgment is vacated. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J., concur.
[1] Though appellee failed to file a brief in this matter, we decline to accept, as true, appellant's "statement of facts." Appellant's "facts" are merely a recitation of the procedural history of the case which is set forth in the record. See App.R. 18(C).