DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which reconsidered and reallocated the distribution of proceeds of a sheriff's foreclosure sale. For the reasons set forth below, the judgment of the trial court is reversed.
 {¶ 2} On appeal, appellant sets forth a single assignment of error:
 {¶ 3} "The trial court erred when it attempted, by a nunc pro tunc entry, to reallocate foreclosure proceeds due to a federal tax lien that was not pled prior to the judgment for foreclosure."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On January 22, 2002, lien holder OCWEN Federal Bank filed a complaint for foreclosure in Lucas County Common Pleas Court against Donna J. Williams. On October 16, 2002, a judgment entry/foreclosure decree was issued by the trial court. The court held that OCWEN Federal Bank was entitled to foreclosure and ordered a sheriff's sale of the premises. On March 27, 2003, the property was successfully sold at sheriff's sale. On December 23, 2003, the court issued an order expressly captioned, "FINAL JUDGEMENT ENTRY" ordering distribution from the proceeds of the sheriff's sale to the state of Ohio regarding tax liens.
 {¶ 5} Appellant, Right Choice Investment Club, filed a lien against the premises on June 7, 1997, for $35,089.69. The lien was referenced and included in this action. However, appellee neglected to plead or include a tax lien filed on September 14, 1994, for $6,533.23.
 {¶ 6} Subsequent to the judgment entry issued on December 23, 2003, appellee discovered its omission of the 1994 lien. On January 13, 2004, appellee filed a motion for reconsideration of the December 23, 2003 final judgment entry. On June 24, 2004, the motion for reconsideration was granted. On January 24, 2005, the reconsideration hearing took place and a nunc pro tunc entry was issued reallocating the proceeds of the sheriff's sale to take into account the omitted lien. It is the January 24, 2005 judgment entry from which appellant appeals.
 {¶ 7} In the sole assignment of error, appellant asserts the trial court erred when it issued the January 24, 2005 nunc pro tunc judgment entry reallocating the foreclosure proceeds. In support, appellant claims that the trial court lacked authority to utilize the disputed judgment entry to redistribute the foreclosure proceeds. The disputed January 24, 2005 judgment entry arose from the January 13, 2004 motion for reconsideration of the December 23, 2003 final judgment entry in this matter.
 {¶ 8} It is well established by prevailing case law that Ohio deems a motion for reconsideration of a final judgment a nullity. As succinctly stated in the controlling case of Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St. 2d 378:
 {¶ 9} "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity. Furthermore, App.R. 4(A) expressly provides that a notice of appeal must be filed within 30 days of the filing of the judgment appealed from." This principle has been repeatedly reaffirmed by this court. See Tillimon v.Jones, 6th Dist. No. L-04-1310, 2005-Ohio-3364, at ¶ 4.
 {¶ 10} The record establishes that appellee did not file a notice of appeal of the December 23, 2003 final judgment entry. Appellee's deadline for filing a timely notice of appeal for this disputed entry has expired. See App. R. 4 (A). Appellee filed a motion for reconsideration on January 13, 2004. The Pitts ruling precludes such a filing. A motion for reconsideration may not be used in lieu of the appellate process based upon the holding in Pitts.
 {¶ 11} This court has reviewed and considered the record of proceedings before the trial court and we find appellee's January 13, 2004 motion for reconsideration of the December 23, 2003 final judgment entry to be a nullity. Accordingly, the June 24, 2004 order of the trial court granting the motion for reconsideration must also be deemed null and void. Finally, the January 24, 2005, nunc pro tunc entry to reallocate the proceeds of the sheriff's foreclosure sale is also null and void. All of these orders originated from the invalid motion for reconsideration and must be stricken.
 {¶ 12} In light of this finding, distribution of the proceeds may not be done in conformity with those judgment entries issued by the lower court which are progeny of the January 13, 2004 motion for reconsideration. It must be done in accordance with non-stricken entries of the lower court. Accordingly, the trial court's decision dated January 24, 2005, is reversed. Appellant's sole assignment of error is well-taken.
 {¶ 13} Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.