[Cite as *Hart v. Cardinal Health 110, Inc.*, 2010-Ohio-3551.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

TIA L. HART,

    PLAINTIFF-APPELLANT,          CASE NO.  5-10-10

    v.

CARDINAL HEALTH 110, INC., ET AL.,       O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Hancock County Common Pleas Court
Trial Court No. CV 2009-172

**Judgment Affirmed**

**Date of Decision:    August 2, 2010**

APPEARANCES:

    *David Lancione and Nicholas E. Eusanio*  for Appellant

    *Douglas E. Spiker and Amy L. Butler*  for Appellees

**PRESTON, J.**

{¶1} Plaintiff-appellant, Tia L. Hart (hereinafter "Hart"), appeals the judgment of the Hancock County Common Pleas rendered in favor of her former employer, defendant-appellee, Cardinal Health 110, Inc. (hereinafter "Cardinal Health"), on her complaint to participate in the workers' compensation system. We affirm.

{¶2} On January 23, 2007, Hart suffered a neck injury when she moved and rearranged three (3) solid-wood (or Formica) tables that she used at work, which were moved to a different location twenty to thirty (20-30) feet across the room. (Hart Depo. at 36, 70-76). Hart filed an application for workers' compensation as a result of this injury, which was assigned claim no. 07-803521. (Complaint, Doc. No. 1, ¶4). This claim was allowed for cervical sprain/strain. (Id.).

{¶3} In May 2007, Hart filed an administrative request for an allowance of three (3) additional conditions she claimed resulted from the January 2007 work injury, including: (1) an acute and direct degeneration of her cervical spine at C5-C6; (2) bulging discs at C5-C6; and (3) a substantial aggravation of existing degenerative disk disease at C5-C6. (Feb. 2, 2010 JE, Doc. No. 36). After a District Hearing Officer denied Hart's motion, she appealed, and a Staff Hearing Officer granted the motion. (Complaint, Doc. No. 1, at ¶¶6-7); (Answer, Doc. No.

8, at ¶¶6-7); (Plaintiff's and Defendant's Trial Briefs, Doc. Nos. 27, 34). Thereafter, Cardinal Health appealed to the Ohio Industrial Commission, which denied the appeal on September 13, 2007. (Complaint, Doc. No. 1, at ¶8); (Answer, Doc. No. 8, at ¶8); (Plaintiff's and Defendant's Trial Briefs, Doc. Nos. 27, 34). Thereafter, Cardinal Health filed a notice of appeal with the common pleas court. (Complaint, Doc. No. 1, at ¶9); (Answer, Doc. No. 8, at ¶9); (Plaintiff's and Defendant's Trial Briefs, Doc. Nos. 27, 34).[1]

{¶4} On March 2, 2009, Hart filed a complaint in the Hancock County Court of Common Pleas, pursuant to R.C. 4123.512(D), seeking participation in the workers' compensation system for her additional three (3) claims filed in May 2007. (Doc. No. 1). On March 11, 2009, Cardinal Health filed its answer. (Doc. No. 8). On November 12 and 13, 2009, respectively, Hart and Cardinal Health filed their trial briefs. (Doc. Nos. 27, 34).

{¶5} On November 16, 2009, the matter proceeded to a bench trial wherein evidence was presented through the testimony of Hart, along with the depositional testimony of Hart's expert, Dr. Criblez, and Cardinal Health's expert, Dr. Shtull. (Feb. 2, 2010 JE, Doc. No. 36). During the trial, the trial court granted

---

[1] We note that the trial court's judgment entry indicates that Hart's additional claims were administratively denied. (Feb. 2, 2010 JE, Doc. No. 36). However, throughout the record and on appeal, the parties have consistently maintained that Hart was ultimately successful in the administrative proceedings, and that this action was as a result of Cardinal Health's appeal to the common pleas court. (See, e.g., Complaint, Doc. No. 1, at ¶¶6-9; Answer, Doc. No. 8, at ¶¶6-9; Trial Briefs, Doc. Nos. 27, 34; and Appellant's Brief at 2;

Case No. 5-10-10

Cardinal Health's motion for dismissal[2] on Hart's claim for an acute and direct degeneration of her cervical spine at C5-C6 (claim one) but denied the motion as to Hart's remaining two claims. (Id.). Thereafter, Cardinal Health presented the depositional testimony of its expert witness, Dr. Shtull, rested, and then renewed its motion for a dismissal of Hart's remaining claims. (Id.). The motion was denied. (Id.). At the conclusion of the evidence, the trial court determined that the evidence was equal on both sides, and therefore, the verdict must be in favor of Cardinal Health since Hart bore the burden of persuasion as plaintiff. (Id.).

**{¶6}** On February 16, 2010, the trial court entered judgment dismissing the case. (Doc. No. 37). On March 17, 2010, Hart filed a notice of appeal. (Doc. No. 42).

**{¶7}** Hart now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN ADMITTING AND CONSIDERING DEFENDANT'S MEDICAL EXPERT OPINION TESTIMONY OF KIVA SHTULL, M.D., AS SUCH OPINION WAS IMPROPERLY BASED PRIMARILY ON**

---

Appellee's Brief at 1). Therefore, we adopt the procedural history provided by the parties since it is consistent with the record.

[2] In its judgment entry, the trial court cites Civ.R. 41(A)(2) as the basis for the motion for dismissal. (Feb. 2, 2010 JE, Doc. No. 36). Civ.R. 41(A)(2) governs voluntary dismissals by order of the court for those instances not specified in (A)(1) and "upon such terms and conditions as the court deems proper." It appears that the trial court meant to cite Civ.R. 41(B)(2), which provides, in pertinent part, "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

- 4 -

**EVIDENCE NOT IN THE RECORD IN VIOLATION OF EVIDENCE RULE 703.**

**{¶8}** In her sole assignment of error, Hart argues that the trial court abused its discretion by admitting the testimony of Cardinal Health's medical expert, Dr. Shtull. Specifically, Hart argues that Dr. Shtull's opinions primarily relied upon the following three (3) medical reports, which were not admitted into evidence at trial: (1) Dr. Sullivan's x-ray report, dated January 24, 2007; (2) Dr. Baker's operative report, dated October 8, 2007; and (3) Dr. Manjul's cervical spine MRI report, dated May 8, 2008. Hart further argues that because Dr. Shtull's inadmissible testimony was Cardinal Health's only evidence before the trial court, the trial court should have ruled in her favor. As such, Hart argues that the trial court's erroneous evidentiary ruling constitutes reversible error.

**{¶9}** "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056. Therefore, a trial court's admission or exclusion of evidence will not be reversed absent an abuse of discretion. Id. An abuse of discretion exists when the judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Pursuant to Evid.R. 703, "[t]he facts or data in the

particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing."

{¶10} Whether the trial court properly admitted Dr. Shtull's expert testimony depends upon if the facts or data upon which his opinion was based were "admitted in evidence at the hearing." Evid.R. 703. That determination necessarily requires a trial transcript in this case, which Hart has failed to provide this Court as she was required under App.R. 9(B). *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, citing *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355 ("The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."). The limited record here indicates that evidence was presented at trial through the testimony of Hart and the depositions of the parties' medical experts. (Feb. 2, 2010 JE, Doc. No. 37). Although exhibits were attached to the depositions of both parties' medical expert witnesses, and thereby included in the record on appeal, it is not clear whether those exhibits were admitted as exhibits *at trial*. In such circumstances, the Ohio Supreme Court has instructed: "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower

court's proceedings, and affirm." *Knapp*, 61 Ohio St.2d at 199. Hart states in her brief that the reports Dr. Shtull relied upon were not admitted as exhibits at trial, but we will not presume her bald assertions are true. Rather, the presumption is that the trial court properly admitted the testimony in conformity with the rules of evidence. *Knapp*, 61 Ohio St.2d at 199.

{¶11} Moreover, the limited record before this Court fails to demonstrate an abuse of discretion by the trial court. Contrary to Hart's claim, it *appears* that Dr. Baker's October 8, 2007 operative report and Dr. Manjul's May 8, 2008 MRI report were attached to Dr. Shtull's deposition as exhibits C and D; and therefore, admitted into evidence at trial, along with Dr. Shtull's deposition. The only item that was not one of the exhibits at either expert witness's deposition was Dr. Sullivan's January 24, 2007 x-ray report.[3] In reviewing Dr. Shtull's deposition, however, it is clear that his opinion was based upon several medical reports admitted into evidence, along with Hart's personal history, and his physical examination of Hart. (Shtull Depo. at 15-19); (Shtull Exs. A-E). Furthermore, we note that this matter was a trial to the bench. For these reasons, we cannot conclude that the trial court abused its discretion by admitting Dr. Shtull's expert testimony.

---

[3] Although Dr. Sullivan's report was not an admitted exhibit, Hart's expert also referenced this report at his deposition and in his July 26, 2007 report, which was an attached exhibit to his deposition. (Criblez Depo. at 23); (Criblez Ex. E).

**{¶12}** Hart's assignment of error is, therefore, overruled.

**{¶13}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**