[Cite as *Spinner v. Barger*, 2017-Ohio-1489.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

SCOTT J. SPINNER, ET AL.,

    PLAINTIFFS-APPELLANTS,        CASE NO. 17-16-27

    v.

GREGORY BARGER, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.


Appeal from Sidney Municipal Court
Trial Court No. 15-CVF-01454

**Judgment Affirmed**

**Date of Decision:   April 24, 2017**


APPEARANCES:

    *Cameron C. Downer* **for Appellants**

**PRESTON, P.J.**

{¶1} Plaintiffs-appellants, Scott J. Spinner ("Spinner") and Sandra S. Lapadot, d.b.a. S and S Rentals (collectively "plaintiffs"), appeal the November 2, 2016 judgment of the Sidney Municipal Court awarding plaintiffs $1,451.02 in damages against defendants-appellees, Gregory and Amanda Barger (collectively "defendants"). We affirm.

{¶2} In November 2013, defendants entered into a residential-lease agreement with plaintiffs. (Doc. No. 1, Ex. A). In their complaint, plaintiffs alleged that defendants "failed to pay rent, late fees and utilities to Plaintiff[s] per the terms of the" lease. (Doc. No. 1). On May 15, 2015, plaintiffs served defendants "a written Notice to Leave Premises on or before May 18, 2015." (*Id.*). However, plaintiffs alleged that defendants did not vacate the premises until May 31, 2015. (*Id.*). Plaintiffs sought recovery of the "reasonable value of the use and occupancy of the Premises during Defendants' unlawful detention" of the premises and a monetary award for the damage to the premises allegedly caused by defendants, which totaled $2,385.10. (*Id.*).

{¶3} On October 27, 2015, plaintiffs filed a complaint in the Sidney Municipal Court seeking a judgment in the amount of $2,385.10 against defendants. (*Id.*). On December 10, 2015, defendants filed their answer. (Doc. No. 10). Defendants filed an amended answer on July 21, 2016. (Doc. No. 31). Plaintiffs

filed an amended complaint on July 22, 2016 and a second amended complaint on July 28, 2016. (Doc. Nos. 32, 37). On August 5, 2016, defendants filed their answer to plaintiffs' second amended complaint and a counterclaim against plaintiffs alleging that plaintiffs: (1) "failed to maintain the furnace in good and safe working order" resulting in "excessively higher heating bills" for defendants; (2) "entered the leased premises while under the Defendants' possession and control and without notice as required" under R.C. 5321.04(A)(8); and (3) failed to comply with R.C. 5321.16 by providing defendants "with an itemized list of any damages to the property." (Doc. No. 40). Plaintiffs filed their answer to defendants' counterclaim on August 10, 2016. (Doc. No. 41).

{¶4} The case proceeded to a bench trial on September 22, 2016. (Doc. No. 45). On November 2, 2016, the trial court awarded plaintiffs $1,451.02 plus interest in damages and costs of this action. (Doc. No. 51).

{¶5} On December 2, 2016, plaintiffs filed a notice of appeal.[1] (Doc. No. 52). Plaintiffs raise two assignments of error for our review.

**Assignment of Error No. I**

**The Trial Court Erred in Failing to Award Plaintiffs-Appellants Their Attorneys Fees Under R.C. 5321.05(C)(1).**

---

[1] Defendants failed to file an appellee's brief in this case. "Under those circumstances, App.R. 18(C) provides that we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Prater v. Mullins*, 3d Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, ¶ 4, fn. 1, citing *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 16.

{¶6} In their first assignment of error, plaintiffs argue that the trial court failed to award them attorney fees under R.C. 5321.05(C)(1). Plaintiffs further argue under their first assignment of error that the trial court erred by denying their claim for attorney fees because defendants did not have a competing claim for attorney fees under R.C. 5321.16.

{¶7} As an initial matter, we note that the trial court properly determined that plaintiffs are entitled to attorney fees in this case after concluding that defendants violated R.C. 5321.05. *See Kinn v. Showe Mgt. Corp.*, 3d Dist. Hancock No. 5-01-46, 2002 WL 462859, *3 (Mar. 27, 2002) ("Attorney fees are also mandatory where a landlord recovers against a tenant under. R.C. 5321.05(C)(1)."). However, the trial court "decline[d] to grant attorney's fees to either party." (Doc. No. 51). Accordingly, plaintiffs' argument is more properly framed as challenging the trial court's decision regarding the amount of attorney fees assessed despite its conclusion that plaintiffs are entitled to attorney fees.

{¶8} When it is determined that attorney fees are mandatory, the trial court "shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented." *Smith v. Padgett*, 32 Ohio St.3d 344 (1987), paragraph four of the syllabus. "[A] determination regarding the amount of attorney's fees is within the sound discretion of the trial court." *Kinn* at *4, citing *Drake v. Menczer*, 67 Ohio App.3d 122 (8th Dist.1980), syllabus. *See also Bittner v. Tri-County*

*Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). Accordingly, we review a trial court's decision regarding the amount of attorney fees under an abuse-of-discretion standard. *Timoneri v. North Steppe Realty, Inc.*, 10th Dist. Franklin No. 15AP-618, 2016-Ohio-5901, ¶ 51. *See also Smith* at paragraph four of the syllabus. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Plaintiffs failed to provide a transcript of the proceedings in this case or a suitable alternative. *See Neeley v. Rostoffer*, 3d Dist. Auglaize No. 2-83-31, 1985 WL 9084, *2 (Mar. 1, 1985). *See also Hayward v. Bellmann*, 6th Dist. Williams No. WM-09-007, 2010-Ohio-3438, ¶ 40; App.R. 9. "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Hayward* at ¶ 40, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). As such, because plaintiffs failed to provide a transcript of the proceedings in this case, we presume that the trial court properly analyzed its attorney-fee award. *See Waggoner v. Gas Ent. Co.*, 4th Dist. Washington No. 97 CA 9, 1997 WL 740742, *4 (Dec. 3, 1997) ("Because Gas Enterprise did not file a transcript of the attorney fees hearing, the record is incomplete as to the relevant evidence presented to the trial court. Therefore, we must presume the trial court had

adequate evidence before it to support its findings."), citing *Knapp* at 199 and *In re Adoption of Foster*, 22 Ohio App.3d 129, 131 (3d Dist.1985), *overruled on other grounds*, *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127 (1991). *See also Tretola v. Tretola*, 3d Dist. Logan No. 8-14-12, 2014-Ohio-5484, ¶ 91, citing *Hart v. Cardinal Health 110, Inc.*, 3d Dist. Hancock No. 5-10-10, 2010-Ohio-3551, ¶ 9, citing *Knapp* at 199. Therefore, we cannot conclude that the trial court abused its discretion regarding the amount of attorney fees awarded to plaintiffs. *See Hensley v. Lott*, 10th Dist. Franklin No. 90AP-604, 1991 WL 2024, *2 ("Moreover, since appellants have failed to supply this court with those portions of the transcript which support their claim regarding the amount of attorney fees assessed, this court is unable to determine whether the trial court abused its discretion in awarding the $600 fee."), citing App.R. 9(B). *See also Neeley* at * 2 ("In the case at hand no transcript of proceedings of the trial was filed. We thus must conclude, as the trial court found, that there was no evidence as to attorney fees offered at trial.").

{¶10} Nevertheless, plaintiffs appear to contend that their attorney-fee award was curtailed by the trial court's erroneous conclusion that defendants were entitled to attorney fees under R.C. 5321.16. While the trial court erred by concluding that defendants are entitled to attorney fees under R.C. 5321.16, such error is harmless because it would not have changed the outcome of the proceedings. *See Hirsch v. TRW, Inc.*, 8th Dist. Cuyahoga No. 83204, 2004-Ohio-1125, ¶ 15 ("Nevertheless,

the error was harmless in light of the court's refusal to grant Hirsch attorney fees and costs."); *In re Estate of Greenbaum*, 9th Dist. Summit No. 16442, 1994 WL 119156, *2 (Apr. 6, 1994) (concluding that the attorney-fee award was harmless error because it "produced the same net result"); *Rader v. Rader*, 11th Dist. Lake No. 90-L-15-147, 1991 WL 206681, *3 (Sept. 30, 1991) ("However, even though this part of appellant's second assignment has merit, it becomes harmless error in light of the balance of the referee's reasoning."). *See also Forman v. Forman*, 3d Dist. Marion No. 9-13-67, 2014-Ohio-3545, ¶ 59, citing *Fada v. Information Sys. & Networks Corp.*, 98 Ohio.App.3d 785, 792 (2d Dist.1994) (errors are not prejudicial where their avoidance would not have changed the result of the proceedings) and Civ.R. 61.

{¶11} For the same reason we discussed above, the lack of a transcript or suitable alternative is fatal to plaintiffs' argument—that is, without a transcript of the proceedings or a suitable alternative, we cannot say that the outcome of the proceedings would have been different. *See Crawford v. Ribbon Tech. Corp.*, 143 Ohio App.3d 510, 515 (10th Dist.2001) ("Likewise, without the transcript, the court is unable to determine whether Ribtec was entitled to the full amount of attorney fees requested."); *Rader* at *3 (concluding that the trial court's decision denying attorney fees was harmless error because the appellant failed to submit a transcript, which meant presuming the validity of "[t]he additional findings that $3,200 of the

attorney fee was unnecessary and unreasonable, and, that appellant was at least equally at fault for the stalemate are sufficient grounds for denying attorney fees."). Therefore, we cannot conclude that the trial court abused its discretion in its attorney-fee assessment.

{¶12} Plaintiffs' first assignment of error is overruled.

### Assignment of Error No. II

**The Trial Court Erred by Applying an Incorrect Standard to Determine the Compensable Amount of Damages Plaintiffs-Appellants Suffered as a Result of Defendants-Appellees' Dogs.**

{¶13} In their second assignment of error, plaintiffs argue that the trial court applied the wrong standard to determine that damage caused by defendants' dogs is not compensable. In particular, plaintiffs argue that they are entitled to recover damages caused by defendants' dogs under R.C. 5321.05(C)(1), and argue that there is no exception to that statute preventing "landlords from recovering if [the landlord] fail[s] to repair the damage prior to re-renting the premises." (Appellant's Brief at 7).

{¶14} "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Lump v. Larson*, 3d Dist. Logan No. 8-14-14, 2015-Ohio-469, ¶ 9, quoting *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶ 89, citing *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, ¶ 5 (8th Dist.). *See also*

*Bibler v. Nash*, 3d Dist. Hancock No. 5-05-09, 2005-Ohio-5036, ¶ 17 (applying a manifest-weight standard of review to the trial court's damage award in a landlord-tenant case involving the application of R.C. 5321.05). "'[A] civil judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" *Lump* at ¶ 9, quoting *Warnecke v. Chaney*, 194 Ohio App.3d 459, 2011-Ohio-3007, ¶ 13 (3d Dist.), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶15} "'"[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct."'" *Id.* at ¶ 10, quoting *Warnecke* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. "'The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures.'" *Id.*, quoting *Warnecke* at ¶ 13, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "'"A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81. "'"A finding of an error in law is a legitimate ground for reversal,

but a difference of opinion on credibility of witnesses and evidence is not.”’” *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81.

**{¶16}** R.C. 5321.12 provides that ‘[i]n any action under Chapter 5321. of the Revised Code, any party may recover damages for the breach of contract or a breach of any duty that is imposed by law.’” “R.C. 5321.05 identifies a lengthy list of the obligations tenants owe landlords.” *Snyder v. Waldron*, 4th Dist. Athens No. 12CA9, 2013-Ohio-3416, ¶ 28, citing *Kelley v. Johnston*, 4th Dist. Gallia No. 01CA5, 2001 WL 1479243, *3 (Nov. 14, 2001). “A landlord bears the burden of submitting sufficient evidence linking any alleged damage to a tenant’s failure to fulfill obligations under R.C. 5321.05 or a lease agreement.” *Whitestone Co. v. Stittsworth*, 10th Dist. Franklin No. 06AP-371, 2007-Ohio-233, ¶ 27, citing *Zilka v. Asberry*, 6th Dist. Huron No. H-04-022, 2005-Ohio-1881, ¶ 9 and *Oakwood Management Co. v. Young*, 10th Dist. Franklin No. 92AP-207, 1992 WL 324338, *5 (Oct. 27, 1992).

**{¶17}** “[T]enants are liable for waste; however, they are generally not liable to landlords for damages attributed to ordinary wear and tear.” *Snyder* at ¶ 28, citing *Kelley* at *3. *See also Bibler* at ¶ 18 (“A landlord is not entitled to receive damages for repairs made to an apartment where the damages to the apartment resulted from reasonable wear and tear.”), citing *Mentor Lagoons, Inc. v. Mayor*, 11th Dist. Lake No. 10180, 1985 WL 7807, *1 (Mar. 1, 1985). “‘[I]n cases * * * in which the party

has been able to repair injury to a building, the proper measure of damages will usually be the reasonable costs necessary to restore the structure.'" *Whitestone Co.* at ¶ 28, quoting *Arrow Concrete Co. v. Sheppard*, 96 Ohio App.3d 747, 750 (4th Dist.1994). *See also Prawdzik v. II Enterprises, Inc.*, 10th Dist. Franklin No. 03AP-1044, 2004-Ohio-3318, ¶ 12-14 (discussing the rule applied to cases in which landlords seek damages for the cost of repairing rental property). "[I]f the trier of fact believes the evidence regarding the cost of repair has been inflated, the trier of fact always has the discretion to adjust the damages accordingly.'" *Whitestone Co.* at ¶ 28, quoting *Prawdzik* at ¶ 14.

**{¶18}** Plaintiffs argue on appeal that the trial court erred in its damage calculation. That is, plaintiffs argue that the trial court erred in concluding that "'the damages sustained as a result of the dogs as claimed in Exhibit 53 apparently did not make the premises in question [un]inhabitable [and because] those repairs were not completed and Plaintiff was able to re-let the premises.'" (Appellant's Brief at 8, quoting Doc. No. 51). Instead, plaintiffs argue that the trial court should have awarded them "the $668.35 estimated cost to repair the damage caused by the [defendants'] dogs." (*Id.*).

**{¶19}** Notwithstanding plaintiffs' argument which purports to challenge the standard that the trial court applied to its damages determination, our review of the trial court's decision necessarily requires a review of the transcript of the

proceedings. As we discussed above, plaintiffs failed to provide this court with a transcript of the proceedings or a suitable substitute. Although the record contains the exhibits apparently admitted during trial, we cannot interpret their meaning or speculate as to how the trial court weighed this evidence. *See Tillimon v. Jones*, 6th Dist. Lucas No. L-04-1310, 2005-Ohio-3364, ¶ 6 (concluding that the appellate court could not review the appellant's assignment of error related to damages even though "the record contains the exhibits apparently admitted during the assessment of damages hearing" because "the record does not include a transcript"); *DRX Corp. v. Hill*, 11th Dist. Trumbull No. 2005-T-0052, 2006-Ohio-1699, ¶ 20 (concluding that, although several pictures were admitted into evidence, without a transcript, it was not clear what the pictures represent).

{¶20} As such, without the transcript or a suitable substitute, it is impossible to determine whether the trial court erred in its damages determination. *See Mentor Lagoons, Inc.* at *1 (concluding that the appellate court could not review the appellant's damages argument because, "[w]ithout such a transcript of proceedings or statement of facts and relying only on th[e] Exhibit, it is impossible to determine whether, factually, the[] repairs were the result of extraordinary damages or the result of reasonable wear and tear"); *DRX Corp.* at ¶ 20. Stated differently, because there are a number of considerations that factor into the trial court's damages determination, without the benefit of the transcript or a suitable alternative, we are

unable to determine whether the trial court applied the wrong standard as plaintiffs argue or whether the trial court made the appropriate landlord-tenant damages considerations. *Compare Smith v. Duran*, 2d Dist. Montgomery No. 20827, 2005-Ohio-4729, ¶ 14 ("The trial court's decision and order furnishes no insight into how it arrived at the judgment or amount thereof. We are hampered in our review of this appeal by the absence of the trial transcript in any form, * * * and are constrained to resort to the presumption of regularity, which essentially provides that in the absence of an adequate record, a reviewing court will presume there was evidence to support the trial court's judgment."). For these reasons, we cannot conclude that the trial court's damages determination is against the manifest weight of the evidence. *See DRX Corp.* at ¶ 20 ("Thus, we are bound by the trial court's conclusions of law and its findings of fact that the damage was 'beyond normal wear and tear.'"); *Krost v. Baltz*, 8th Dist. Cuyahoga No. 80252, 2002-Ohio-3110, ¶ 11 ("In her assigned error, Baltz asks us to reverse the trial court's decision on manifest weight of the evidence grounds; however, Baltz has failed to file a transcript of the proceedings or a suitable substitute. This failure is fatal to her appeal."); *Bowles v. Singh*, 12th Dist. Clermont No. CA99-10-094, 2000 WL 1051847, *3 ("Where an appellant claims that a judgment is against the weight of the evidence, but provides an incomplete trial transcript, the appellate court must presume that the trial court

properly weighed the available evidence."), citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993).

{¶21} Plaintiffs' second assignment of error is overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J, concur.**